**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PETER TUMU SUMO,** | ) | |
| **No. Axxx-xx7-886,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-401-NJR** |
| | ) | |
| **DAMON ACUFF,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On April 11, 2019, Petitioner Peter Tumu Sumo filed his Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Sumo challenges his detention by Immigration and Customs Enforcement ("ICE") in the Pulaski County Detention Center. At the time of filing Sumo had been detained for more than seven months—since September 6, 2018. (Doc. 1, p. 4). An immigration judge had ordered Sumo to be removed from the United States, but the government of Liberia, Sumo's country of origin, has refused to issue travel documents for him to return there. Sumo's Petition sought release from custody on the basis that his detention had exceeded six months, and travel documents are not likely to be issued in the foreseeable future. (Doc. 1, pp. 2, 6-7).

Now before the Court is Respondent's Motion to Dismiss Petition as Moot. (Doc. 9). Respondent mailed a copy of the Motion to Sumo at his address of record (the Pulaski County Detention Center) on May 2, 2019. The Motion discloses, however, that Sumo is no longer detained there, having been released on an Order of Supervision on April 30, 2019. (Doc. 9, p. 3). Sumo was given notice of his imminent release from custody on April 26, 2019. (Doc. 9, p. 2). Sumo has not submitted a change of address, and no response from him to the instant motion is

expected.

ANALYSIS

A Petition filed under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal from the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement and his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, Section 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). In this case, as Respondent points out, the only relief Sumo requested was to be released from detention while awaiting removal. (Doc. 1, p. 8; Doc. 10, p. 2). Thus, Sumo has in fact received the only relief he sought. As the Court cannot give Sumo any effective relief, the case has become moot.

DISPOSITION

For these reasons, Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

2

If Sumo wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Sumo plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Sumo to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 3, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**